# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH

| | |
|---|---|
| BRADLEY GOLD, AN INDIVIDUAL; AND AMIEE GOLD, AN INDIVIDUAL;<br><br>Plaintiffs,<br><br>vs.<br><br>JASON CARTER, AN INDIVIDUAL; AND THE ARMS TRUCKING CO., A FOREIGN ENTITY;<br><br>Defendants. | 2:23-CV-00828-CRE |
| NANCY MCGEE, AN INDIVIDUAL; TROY MCGEE, AN INDIVIDUAL; AND A.M., A MINOR, BY AND THROUGH HER PARENTS AND NATURAL GUARDIANS, NANCY MCGEE, AND TROY MCGEE;<br><br>Plaintiffs,<br><br>vs.<br><br>JASON CARTER, AN INDIVIDUAL; AND THE ARMS TRUCKING CO., A FOREIGN ENTITY;<br><br>Defendants. | 2:23-CV-00830-CRE |

## MEMORANDUM OPINION[1]

Cynthia Reed Eddy, United States Magistrate Judge.

---

[1] All parties consented to jurisdiction before a United States Magistrate Judge. Thus, the Court has the authority to decide dispositive motions, and to eventually enter final judgment. 28 U.S.C. § 636, *et seq*.

## I.   INTRODUCTION

These companion vehicle collision cases were removed to this Court from the Court of Common Pleas of Beaver County, Pennsylvania on May 17, 2023.

Plaintiffs Bradley Gold, Aimee Gold, Nancy McGee, Troy McGee, and A.M., a minor, (collectively "Plaintiffs") filed these cases against Defendants Jason Carter and The Arms Trucking Company (collectively "Defendants" or "Defendant Carter" and "Defendant Arms Trucking"). Plaintiffs each allege a negligence action against Defendant Carter, and a vicarious liability / negligent entrustment action against Defendant Arms Trucking. The Court has subject matter jurisdiction under 28 U.S.C. § 1332.[2]

Pending before the Court are Defendants' identical partial motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and to strike certain allegations of Plaintiffs' complaints under Fed. R. Civ. P. 12(f). *GOLD et al. v. CARTER et al.*, Case No. 2:23-CV-00828 (W.D.Pa. 2023) ("*Gold*") (ECF No. 4) and *McGEE et al. v. CARTER et al.*, Case No. 2:23-CV-00830-CRE (W.D.Pa. 2023) ("*McGee*") (ECF No. 4). The motions are fully briefed and ripe for consideration. *Gold* (ECF Nos. 5, 11, 14, 15) and *McGee* (ECF Nos. 5, 9, 10, 13).[3]

For the reasons below, Defendants' identical partial motions to dismiss and to strike are denied.

---

[2] Pennsylvania substantive law applies to this matter. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 91-92 (1938)).

[3] Because the filings in *Gold* and *McGee* are substantively identical, this Memorandum Opinion concurrently addresses the partial motions to dismiss and to strike.

## II. BACKGROUND[4]

The vehicle collision giving rise to this lawsuit occurred on Interstate 76, mile marker 14, in Beaver County, Pennsylvania on November 11, 2022. *Gold* Compl. (ECF No. 1-3) ¶ 8 and *McGee* Compl. (ECF No. 1-1) ¶ 8. The location of the collision was within an active work zone with a posted speed limit of 70 miles per hour, and weather conditions included heavy rainfall. *Id*. ¶¶ 11-12.

At all times relevant to this lawsuit, Defendant Arms Trucking employed Defendant Carter. *Id*. ¶ 6. On the morning of the vehicle collision, Defendant Carter operated a tractor and fully loaded trailer (Commercialized Motorized Vehicle, "CMV"), owned and maintained by Defendant Arms Trucking, which hauled about 75,000 pounds of gravel and was traveling east. *Id*. ¶¶ 6, 7, 9-10. Ahead in the direction of Defendant Carter's travels, traffic was stopped because of an accident where another tractor trailer rolled over. *Id*. ¶ 13. Around 10:05 a.m., the CMV operated by Defendant Carter smashed into the concrete barrier and ricocheted into four vehicles—including Plaintiffs' vehicle and another CMV. *Id*. ¶ 18.

According to Plaintiffs, before the collision occurred, a nearby truck driver, John Dziatlik, notified Defendant Carter to reduce his speed because there was an upcoming accident. *Id*. ¶ 14. Plaintiffs assert that Defendant Carter violated the Federal Motor Carrier Safety Regulations by operating the CMV at an excessive rate of speed, despite this warning, and much faster than was prudent for heavy rainfall. *See generally id*. ¶¶ 15-19. Plaintiffs also allege Defendant Arms Trucking allowed the operation of the CMV despite an unbalanced load and an unsafe braking

---

[4] Excluding the alleged individualized injuries, the operative complaints are substantively identical. *Gold* Compl. (ECF No. 1-3) and *McGee* Compl. (ECF No. 1-1).

system and knew or had reason to know of Defendant Carter's incompetency or inexperience when driving the CMV. *See generally id.*

Defendants now partially move to dismiss and to strike certain allegations of the complaints.

### III.    STANDARD OF REVIEW

    a. <u>Fed. R. Civ. P. 12(b)(6)</u>

The applicable inquiry under Fed. R. Civ. P. 12(b)(6) is well settled. Under Fed. R. Civ. P. 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet a court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic*

*Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Fed. R. Civ. P. 12(b)(6) motion, the court's role is limited to determining whether a plaintiff has a right to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Scheuer*, 416 U.S. 232. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

If a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, then the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Even so, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached, without converting the motion

5

into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 (3d Cir. 2004), *as amended* (Mar. 8, 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV. DISCUSSION

Defendants argue that the claims for punitive damages should be dismissed because Plaintiffs allege no facts of recklessness to support punitive damages. *Gold* (ECF No. 5) at pp. 5-6 and *McGee* (ECF No. 5) at pp. 5-6. According to Defendants, because there is no basis for punitive damages, Plaintiffs' direct liability claims against Defendant Arms Trucking cannot proceed and should be dismissed. *Id*. at pp. 6-8. Defendants relatedly move to strike allegations referencing "recklessness," "intentional conduct," "wanton conduct," and "other averments which would form the basis for punitive damages." *Id*. at pp. 8-10. Each argument is addressed below.

### a. Punitive Damages: Plaintiffs' Claims for "Recklessness" and Direct Liability

Defendants maintain that Plaintiffs asserted no facts of recklessness—such that Defendants knew or had reason to know of facts creating a high degree of risk to Plaintiffs or were aware a result was substantially certain, to support punitive damages. *Gold* (ECF No. 5) at pp. 5-6 and *McGee* (ECF No. 5) at pp. 5-6. In response, Plaintiffs maintain that Defendant Arms Trucking's actions or inactions in hiring, training, and supervising Defendant Carter in the operation of a CMV, as well Defendant Carter's failure to heed direction to slow down in correspondence with the road's conditions were negligent, careless, and reckless—in violation of the Federal Motor Carrier Safety Regulations, and the proximate and substantial cause of Plaintiffs' injuries and damages. *Gold* (ECF No. 11) at p. 2 and *McGee* (ECF No. 10) at p. 2. Plaintiffs also maintain that their punitive damages claim against Defendant Arms Trucking exist under the theory of vicarious liability. *Gold* (ECF No.11) at pp. 11-13 and *McGee* (ECF No. 10) at pp. 11-13.

In Pennsylvania, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others" and "must be based on conduct which is malicious, wanton, reckless, willful, or oppressive." *See Feld v. Merriam*, 485 A.2d 742, 747-748 (Pa. 1984) (internal quotation marks omitted). "[A] punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *See Hutchinson v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).

"[U]nder Pennsylvania law, a principal may be held vicariously liable for punitive damages if the actions of [its] agent were 'clearly outrageous,' were committed during and within the scope of the agent's duties, and were done with the intent to further the principal's interests." *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 101 (3d Cir. 1993) (citing *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1264 (1983)). To be clear, the standard to assess claims for punitive damages is "ordinary outrageousness" regardless of vicarious or direct liability. *Gregory v. Sewell*, No. 4:CV-04-2438, 2006 WL 2707405, at *11 (M.D. Pa. Sept. 19, 2006) (finding that the "ordinary outrageousness" standard applies to direct and vicarious liability claims for punitive damages under Pennsylvania law); *see Achey v. Crete Carrier Corp.*, No. 07-CV-3592, 2009 WL 9083282, at *10 (E.D. Pa. Mar. 30, 2009) (" 'Clearly outrageous' merely reiterates Pennsylvania's already high punitive damages standard and does not create a second, higher threshold for vicarious punitive liability.") (internal citation and quotations omitted).

While punitive damages are "an extreme remedy available in only the most exceptional matters," *see Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005) (internal quotation marks omitted), at the motion to dismiss stage, a court need only decide whether the plaintiff alleged facts

7

that "plausibly give rise" to a punitive damages award. *See Alexander v. W. Express*, No. 1:19-CV-1456, 2019 WL 6339907, at *9 (M.D. Pa. Oct. 18, 2019), *report and recommendation adopted,* No. 1:19-CV-1456, 2019 WL 6327688 (M.D. Pa. Nov. 26, 2019) (collecting cases in federal district courts which applied Pennsylvania law to deny dismissal of punitive damages claims at the start of litigation in vehicle collision cases). The ultimate result often turns on the defendant's state of mind, which normally cannot be resolved on the pleadings alone. *See generally*, *In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015).

At this stage, Plaintiffs' allegations plausibly support a remedy of punitive damages.[5] Plaintiffs allege that Defendant Carter operated the CMV at a high rate of speed for the location and circumstances and violated the Federal Motor Carrier Safety Regulations. For example, Plaintiffs allege that Defendant Carter was notified by a nearby truck driver to reduce speed because there was an upcoming collision; yet he continued to operate the CMV, while hauling 75,000 pounds of gravel, at an excessive speed considering the weather and traffic conditions. As to Defendant Arms Trucking, Plaintiffs allege that the CMV involved in the vehicle collision had a deficient braking system and an unbalanced load. Plaintiffs also assert that Defendant Arms Trucking knew, or had reason to know, of Defendant Carter's incompetency and inexperience with operating a CMV. It is therefore plausible that Defendant Carter and Defendant Arms Trucking

---

[5] Defendants maintain that Plaintiffs failed to request punitive damages in their demands for relief. *Gold* (ECF Nos. 5) at p. 5 and *McGee* (ECF Nos. 5) at p. 5. And Plaintiffs admit the complaints do not assert a separate count for punitive damages. *Gold* (ECF No. 11) at p. 4 and *McGee* (ECF No. 10) at p. 4. But Plaintiffs may pursue a claim for punitive damages even where an explicit demand for such relief is not made in the complaints. *See Kozlowski v. JFBB Ski Areas, Inc.*, No. 3:18-CV-353, 2020 WL 2468408, at *4 (M.D. Pa. May 13, 2020) (citation omitted) ("[A]bsent an explicit demand, the complaint must contain sufficient allegations to inform the defendant that punitive damages are on the table. . . ."). The complaints allege conduct of reckless indifference, among other conduct. *Gold* Compl. (ECF No. 1-3) and *McGee* Compl. (ECF No. 1-1).

consciously disregarded the accompanying risks, and Plaintiffs alleged enough facts to support that evidence may reveal Defendants' recklessness. *Hutchison ex rel. Hutchison*, 870 A.2d at 771–772.

Similarly, Defendants' argument surrounding the direct liability claims against Defendant Arms Trucking is unavailing. "As a general rule, courts have dismissed [direct liability] claims when a supervisor defendant concedes an agency relationship with the co-defendant[6]. . . courts have recognized an exception to this rule when a plaintiff has made punitive damages claims against the supervisor defendant." *Fortunato v. May*, No. CIV A 04-1140, 2009 WL 703393 (W.D. Pa. Mar. 16, 2009) (citing *Holben v. Midwest Emery Freight Sys., Inc.*, 525 F. Supp. 1224 (W.D. Pa. 1981)); *see Sterner*, 2013 WL 6506591, at *3 ("An exception to this rule exists, however, when a plaintiff has a valid claim for punitive damages.").

Plaintiffs assert vicarious liability and direct liability claims against Defendant Arms Trucking. Defendant Arms Trucking admits that Defendant Cater acted within the scope of his employment at all relevant times. *Gold* (ECF No. 5) at p. 7 and *McGee* (ECF No. 5) at p. 7. Still the direct liability claims against Defendant Arms Trucking can proceed because Plaintiffs plausibly assert punitive damages claims. That aside, the liberal pleading standards under Fed. R. Civ. P. 8(d)(2) also allow Plaintiffs to plead alternative grounds.

Accordingly, Defendants' motion to dismiss in this respect is denied.

---

[6] *See Sterner v. Titus Transp., LP*, No. 3:CV-10-2027, 2013 WL 6506591, at *3 (M.D. Pa. Dec. 12, 2013) ("In the majority of states [including Pennsylvania] that have addressed this issue, a plaintiff cannot pursue a [direct liability] claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment when the accident occurred.") (collecting cases).

b.  <u>Motion to Strike</u>

Defendants ask the Court to strike all averments supporting punitive damages claims. *Gold* (ECF No. 4) ¶ 17 and *McGee* (ECF No. 4) ¶ 17. In this regard, Defendants cite paragraphs from the complaints but otherwise do not assert what is or why it is redundant, immaterial, impertinent, or scandalous. *See Gold* (ECF No. 5) at p. 8 and *McGee* (ECF No. 5) at p. 8.

Fed. R. Civ. P. 12(f) allows a court to strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Motions to strike are highly disfavored and when a defendant seeks to strike individual allegations from a complaint, the court will deny the motion "unless the moving party shows that 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009) (citations and internal quotation marks omitted). "When faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Id.* (citations and internal quotation marks omitted). "Even when challenged materials meet the definitions in [Fed. R. Civ. P.] 12(f), a motion will not be granted in the absence of clear prejudice to the adverse party." *Jenkins v. Veney*, No. CV 23-954, 2023 WL 4295824, at *1 (W.D. Pa. June 30, 2023).

Defendants have not met their burden, as Plaintiffs plausibly asserted claims for punitive damages and Defendants have not shown how they suffered prejudice or how the allegations would confuse any issues. Therefore, Defendants' motion to strike is denied.

## V.     CONCLUSION

For these reasons, Defendants' identical partial motions to dismiss and to strike, *Gold* (ECF No. 4) and *McGee* (ECF No. 4), are denied.

An appropriate Order follows.

Dated: March 13, 2024

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:     Counsel of Record
        (via ECF electronic notification)